### QUICK *v.* LEIGH.

*(Supreme Court, General Term, Fifth Department. January 23, 1891.)*

LIMITATION OF ACTIONS—COMMENCEMENT OF ACTION—PLURIES SUMMONS.

Code Civil Proc. N. Y. § 400, provides that an attempt to commence an action in a court not of record shall be equivalent to its commencement within the meaning of the statute of limitations, only "where the summons is delivered to an officer authorized to serve the same within the city or town wherein the person [to be served] resides." Section 2883 provides for the extension of the time within which actual service may be made by the issuance of a second, and, if necessary, a third, summons, which shall "relate back to the time when the first summons was issued," and have "the same effect as if the first summons had been seasonably served." The summons in an action before a justice of the peace, issued to a constable of the town wherein it was brought, being returned not served because defendant was not found in the county, a second and third summons were successively issued, and the third summons was duly served. There was no evidence as to defendant's residence. *Held*, that the service of the third summons did not relate back so as to take the case out of the statute of limitations.

Appeal from Cayuga county court.

Action by Calvin H. Quick against Rosa C. Leigh. From a judgment of the county court reversing the judgment of the justice's court in her favor, plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*B. F. Bieber*, for appellant. *J. Rosecrans*, for respondent.

DWIGHT, P. J. The action was on a contract of the defendant, a married woman, indorsed on a promissory note of her husband in the following words: "For value received I promise to and do charge my separate estate with the payment of the within note. [Signed.] ROSA C. LEIGH." The note was dated July 11, 1883, and was payable in six months. The defendant pleaded the statute of limitations and want of demand and notice to charge an indorser. The latter defense raised the question whether the contract was that of an indorser or of a guarantor. The justice held the contract a guaranty, and overruled both defenses. The county court reversed the judgment of the justice on the ground that the contract of the defendant was that of an indorser merely, and for want of demand and notice. We do not discuss that question, because we find the action barred by the statute of limitations. The note fell due January 14, 1884. A summons was first issued in this action by a justice of the peace of the town of Locke, in Cayuga county, and delivered to a constable of the same town on the 6th day of January, 1890, returnable on the 13th day of the same month. It was returned on the day of its issue, not served by reason of the defendant's not being found in the county. Whereupon a second and third summons were successively issued in attempted compliance with section 2883 of the Code of Civil Procedure, and the third

summons was finally served upon the defendant on the 31st day of January, 1890. The plaintiff made these facts to appear, on the trial, by the introduction in evidence of the several summonses with their returns. No evidence was given of the residence of the defendant at any time. The question is whether, upon these facts, the action was shown to have been commenced within six years from the 14th day of January, 1884. Certainly not, unless the "attempt to commence" the action, by the issuance of a summons on the 6th day of January, 1890, was "equivalent to the commencement thereof" within the provisions of sections 399 and 400 of the Code of Civil Procedure. The former of these sections prescribes the cases wherein a similar attempt to commence an action in a court of record is equivalent to its commencement within the meaning of the statute of limitations. Section 400 applies the provisions of section 399 (with a single exception not material here) to an attempt to commence an action in a court not of record; but only in a case "where the summons is delivered to an officer authorized to serve the same within the city or town wherein the person (to be served) resides." Section 2883 provides for the extension of the time within which actual service may be made, by the issuance of a second, and, if necessary, a third, summons, which shall "relate back to the time when the first summons was issued;" and it provides that, "with respect to all proceedings before actual service, the service thereof (*i. e.*, of the last summons issued) has the same effect as if the first summons had been seasonably served." It is apparent, therefore, that the effect of the service of the third summons in this case, as well as of all proceedings for the commencement of this action, depended upon whether the first summons was duly issued in compliance with the provisions of section 400, *supra.* If not, the attempt to commence the action within the time limited by statute was not equivalent to commencement thereof, and the action was not commenced until the 30th day of January, 1890. There is nothing in this case to show where the defendant·resided, and consequently it does not appear that the summons was "delivered to an officer authorized to serve the same in the city or town wherein" she resided. The defense of the statute of limitations seems to have been established. The judgment of the county court must be affirmed. All concur.